IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Crim. Action No. 1:00-CR-33-1
                                              (JUDGE KLEEH)

DARUS ZEHRBACH,

    Defendant.

## REPORT AND RECOMMENDATION
## RECOMMENDING DEFENDANT'S *PRO SE* MOTION [ECF NO. 572] BE DENIED

Pending before the undersigned Magistrate Judge is Defendant Darus Zehrbach's *pro se* motion to compel and motion for temporary injunction. ECF No. 572. By Order dated January 13, 2023, ECF No. 573, United States District Judge Thomas S. Kleeh referred the motions to the undersigned to enter a report and recommendation as to the appropriate disposition of the motion.

The undersigned is also in receipt of the Government's Response, ECF No. 581, wherein, the Government explains that the Government's period to collect restitution ends on October 6, 2026, and the Defendant has no evidence of an illegally obtained offset by the Treasury. The Government requests the Court deny the Defendant's *pro se* motion and deny his requests for compensatory and punitive damages.

Based on a detailed review of Defendant's *pro se* motion, ECF No. 572, and the Government's response, ECF No. 581, the undersigned **RECOMMENDS** Defendant's *pro se* motion, ECF No. 572, be **DENIED**, as set forth herein.

## I. BACKGROUND

On December 6, 2000, a Grand Jury returned a two-count indictment against Defendant Darus Zehrbach ("Zehrbach") and co-defendant Lee Ann Demus, charging both in Count One with Conspiracy, in violation of Title 18, United States Code, Section 371, and in Count Two with Fraud Using the Postal Service, in violation of Title 18, United States Code, Sections 2 and 1341. ECF No. 1.

At trial, a jury found both defendants guilty on all charges. ECF Nos. 100 and 102. On October 31, 2002, a judgment was entered against Zehrbach for the sum of $224,148.10, together with interest thereon from the date of judgment, and court costs. ECF No. 168. Zehrbach was committed to the custody of the Bureau of Prisons ("BOP") for a total term of fifty-one (51) months with supervised release for three (3) years on each count to be served concurrently. *Id.*

On October 6, 2006, Zehrbach was released from BOP custody. ECF No. 581-1.

On January 13, 2023, Zehrbach filed a *pro se* motion to compel, motion for temporary injunction, and brief in support thereof.[1] ECF No. 572. In the Motion, Zehrbach argues that under Title 18, United States Code, Section 3613(b) his liability on judgment shall terminate twenty (20) years from entry of the judgment and the "seizure" or garnishment of Zehrbach's Social Security monthly payments "should have ended in 2022." ECF No. 572 at 1. Zehrbach asserts that his letters to the U.S. Attorney "demanding records was ignored" and during further communications the "US Attorney refused to explain." ECF No. 572 at 2. Zehrbach "seeks a detailed explanation" and/or "a detailed accounting of all collections, payments, and details in particular from the collection of Social Security payments." ECF No. 572 from 2-4.

---

[1] Because the submitted Motion and its exhibits contained personal identifiers, in violation E-Government Act of 2002, Fed. R. Crim P. 29.1, and LR Gen P 5.08 for the Northern District of West Virginia, the undersigned directed the Clerk's Office to restrict these documents to case participants only. ECF No. 572.

2

Zehrbach further asserts in his motion that the Government acted illegally by collection or garnishments at a rate greater than twenty (20) percent in regard to his Social Security payments and by seizing his tax refunds despite the fact that the U.S. Attorney stated that "there would be no seizures if regular payments were being made." ECF No. 572 at 4. Zehrbach seeks an order from this Court barring further collection or seizures, barring seizures of money related to income tax refunds involving children and/or special funds for children. ECF No. 572 at 5. Alternatively, Zehrbach requests a temporary restraining order until the Government provides all records and accounting so the Court may determine the validity of the accounting and review the Government's explanation on the calculations. ECF No. 572 at 6. Moreover, Zehrbach requests the award of compensatory and punitive damages for the illegal seizure and "documented incompetence" in the Government's handling of this case. *Id*.

On February 8, 2023, the Government, by Assistant United States Attorney Morgan S. McKee, filed its Response requesting that Defendant's motion be denied on all counts.[2] The Government first asserts that the Government's period to collect restitution, pursuant to 18 U.S.C.A. § 3613(b), ends on October 6, 2026. ECF No. 581 at 2-3. Second, the Government argues Zehrbach has no evidence of an illegally obtained offset and the Mandatory Victims Restitution Act, 18 U.S.C. § 3613(a), broadly permits the Government to enforce a restitution order "against all property or rights to property of the person fined." ECF No. 581 at 3-4. Third, the Government provides that while the Government is unable to provide all records from the U.S. Treasury or Social Security Administration, the Government has provided a record obtained from the Clerk of

---

[2] Because the Response and its exhibits contained personal identifiers, in violation E-Government Act of 2002, Fed. R. Crim P. 29.1, and LR Gen P 5.08 for the Northern District of West Virginia, the undersigned directed the Clerk's Office to restrict these documents to case participants only. ECF No. 581.

3

Court of all payments Zehrbach has made towards restitution as requested. ECF No. 581 at 4 (citing ECF No. 581-6).

## II. LEGAL ANALYSIS

**I.     The Government may lawfully collect restitution from Zehrbach, including seizing a portion of his Social Security payments and tax refunds, until October 6, 2026.**

The Mandatory Victims Restitution Act of 1996 ("MVRA") provides that criminal restitution orders may be enforced against "all property or rights to property . . . [n]otwithstanding any other Federal law." *See* 18 U.S.C. § 3613(a); *United States v. Frank*, 8 F.4th 320, 322 (4th Cir. 2021). The MVRA specifies that Social Security Act benefits are property subject to restitution by the government. *See* 18 U.S.C. § 3613(a) (government can garnish "all property" pursuant to criminal restitution orders, "[n]otwithstanding ... section 207 of the Social Security Act"); *Frank*, 8 F.4th at 328 (4th Cir. 2021).

"Under 18 U.S.C. § 3613(a), the government has the power to enforce an order of restitution 'in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.' 18 U.S.C. § 3613(a). And there is no doubt that garnishments are, in fact, authorized by federal law. *See* 28 U.S.C. § 3205." *United States v. James*, 312 F. Supp. 2d 802, 807 (E.D. Va. 2004) (quoting *United States v. Walker*, 353 F.3d 130, 133 (2d Cir.2003)).

Notable for the instant motion, Section 3613(b) of the MVRA provides that the termination of liability to pay a fine "shall terminate **the later** of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person fined or upon the death of the individual fined. The liability to pay restitution shall terminate **on the date that is later** of 20 years from the entry of judgment or 20 years after the release from imprisonment of the person ordered to pay

Case 1:00-cr-00033-TSK-MJA   Document 583   Filed 03/03/23   Page 5 of 9   PageID #: 2892

restitution." 18 U.S.C. § 3613(b). Further, restitution imposed pursuant to the MVRA cannot be terminated, revoked, or remitted. *United States v. Roper*, 462 F.3d 336, 338–39 (4th Cir. 2006).

Here, judgment, including the fine of $224,148.10, was entered again Defendant Zehrbach on October 31, 2002. ECF No. 168. Defendant Zehrbach was released from imprisonment on October 6, 2006. ECF No. 581-1. The Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3613(b), holds Defendant Zehrbach liable and requires pay of his fines for twenty years following his release, or until October 6, 2026, the later of the two dates in question. Defendant's restitution liability remains for approximately three more years, and "as set out above, it cannot be terminated early." *United States v. Tate*, No. 3:00-CR-00137-MOC, 2022 WL 2392866, at *2 (W.D.N.C. July 1, 2022) (citing Roper, 462 F.3d at 338–39). Accordingly, the undersigned **RECOMMENDS** that Defendant Zehrbach's *pro se* motion, ECF No. 572, be **DENIED**.

**II.  There is no evidence put forth by Zehrbach that the Government improperly garnished, offset, or seized more assets than allowed.**

Again, the MVRA gives the United States broad authority to enforce a criminal restitution order, 18 U.S.C. §§ 3613, 3663A-3664, comparable to that the Internal Revenue Service has for collecting taxes but with fewer exemptions. *See* 18 U.S.C. §§ 3613(a), (f). Some courts have even found that the Government is entitled to seize COVID-19 stimulus payments in order to apply against restitution owed. *See, e.g.*, *United States v. Toole*, No. 21-10651, 2022 WL 503736, at *1-2 (11th Cir. Feb. 18, 2022); *United States v. Hayes*, No. 1:01-CR-075, 2023 WL 2162168, at *2 (S.D. Ohio Feb. 22, 2023) (collecting cases). *See also United States v. Corbett*, No. 2:10-CR-00015-1, 2021 WL 744161, at *3 (S.D.W. Va. Feb. 25, 2021) (Copenhaver, J.) ("This court similarly concludes that an order authorizing the turnover of the defendant's inmate accumulated account funds to satisfy his restitution obligation is appropriate."); *and United States v. Ekong*,

5

518 F.3d 285, 286 (5th Cir. 2007) (the United States is required by MVRA to enforce restitution orders "aggressively").

That being said, Section 3613(a) of the MVRA protects wages and income by limiting the amount of income that can be garnished. *United States v. McClanahan*, No. CRIM. 3:03-00053, 2006 WL 1455698, at *3 (S.D.W. Va. May 24, 2006). Specifically, the MVRA provides that "the provisions of section 303 of the Consumer Credit Protection Act (15 U.S.C. 1673) shall apply to enforcement of the judgment under Federal law or State law." *McClanahan*, No. CRIM. 3:03-00053, 2006 WL 1455698, at *3 (S.D.W. Va. May 24, 2006) (quoting 18 U.S.C. § 3613(a)(3)). Summarized generally, this subchapter limits the maximum amount which can be garnished from the earnings of any individual to twenty-five percent (25%). 15 U.S.C. § 1673.

Zehrbach provided to the Court a copy of his 2015 Social Security Benefits Statement, Form SSA-1099. ECF No. 572-3. This statement reflects that $1,742.40 of his $12,874.80, or approximately 13.5% of his total Social Security Benefits, or 15% of his Social Security Benefits after deducting for Medicare costs, were garnished from his total benefits for the purposes of treasury benefit payment offset, garnishment, and/or a tax levy. *Id*. This fifteen percent (15%) garnishment does not exceed the upwards of twenty-five percent garnishment afforded by the MVRA and the Consumer Credit Protection Act. *See* 18 U.S.C. § 3613(a)(3) and 15 U.S.C. § 1673.

The undersigned **FINDS** that Defendant has not put forth a viable claim that the Government took garnishment actions in violation of the MVRA, the Consumer Credit Protection Act, or any other law. Defendant's restitution liability remains for approximately three more years, 18 U.S.C. § 3613(b), and the Government must continue to seek restitution under the MVRA as passed by Congress in 1996. *Ekong*, 518 F.3d at 286. Accordingly, the undersigned further

6

**RECOMMENDS** that Defendant Darus Zehrbach's *pro se* motion to compel and motion for temporary injunction, ECF No. 572, be **DENIED**.

As appropriately suggested by the Government, if Zehrbach's spouse believes their refund may have been improperly intercepted, the individual may file a refund with the Internal Revenue Service. *See* IRS Injured Spouse Allocation Form No. 8379, INTERNAL REVENUE SERVICE, https://www.irs.gov/forms-pubs/about-form-8379 (last visited March 3, 2023). *See also United States v. Page*, No. 1:13CV119, 2013 WL 2945070, at *5 (N.D.W. Va. June 14, 2013) (citing *United States v. Pugh*, 75 F. App'x 546, 547 (8th Cir.2003)); *United States v. Henricks*, 886 F.3d 618, 625 (7th Cir. 2018); and *In re Henricks*, 632 B.R. 744, 764 (Bankr. W.D. Wis. 2021), *appeal dismissed sub nom. United States v. Henricks*, No. 21-CV-517-JDP, 2022 WL 17155931 (W.D. Wis. Nov. 22, 2022) (MVRA "[e]nforcement of restitution does not extend beyond the 'person fined.'").

### III. No further accounting or action is required by the Government.

In addition to his request for compensatory and punitive damages, Zehrbach requested that this Court compel the Government to provide "a detailed accounting of all collections, payments, and details in particular from the collection of Social Security payments." ECF No. 572 from 1-4. In its Response to the Defendant Zehrbach's Motion, the Government provided a substantive explanation of recent garnishments from Zehrbach's Social Security Benefits, reasoning why the CARES act and other COVID-19 programs may have temporarily stopped the garnishment, and an accounting from the Clerk's Office of all payments Zehrbach has made towards restitution. ECF No. 581; see ECF No. 581 at 4 (citing ECF No. 581-6).

Again, the undersigned **FINDS** no viable claim or error that has been presented by Zehrbach for which he is entitled to relief or re-litigation and **RECOMMENDS** that Defendant

Darus Zehrbach's pro se motion to compel and motion for temporary injunction, ECF No. 572, be **DENIED**. However, to the extent that Mr. Zehrbach sought an explanation and an accounting, it appears the Government has already fulfilled that request to the best of its ability. Thus, to the extent that Defendant's motion seeks this Court to compel a response and an accounting, the undersigned **RECOMMENDS** that Defendant Zehrbach's motion be **DENIED as MOOT**.

## IV. CONCLUSION

Thus, for the reasons set forth herein, the undersigned **RECOMMENDS** that Defendant's *pro se* motion to compel and motion for temporary injunction, ECF No. 572, be **DENIED**.

Any party shall have **fourteen (14) days** from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of Court is **DIRECTED** to transmit copies of this Report and Recommendation to Darus Zerbach, by certified mail, and to counsel of record as provided in the Administrative

Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

    Respectfully submitted March 3, 2023.

                                            MICHAEL JOHN ALOI
                                            UNITED STATES MAGISTRATE JUDGE